Quiñones et al., Plaintiffs and Appellees, *v.* Zalduondo et al., Defendants and Appellants.

Appeal from the First District Court of San Juan in an Action for Rescission of Contract.—Motions for Dismissal and Reconsideration.

No. 3261.—Decided March 3, 1924.

Appeal—Transcript—Proclamation of Governor Closing Public Offices.— The time allowed the appellant for filing the transcript having expired on February 6, 1924, a day on which the public offices were closed by proclamation of the Governor on the occasion of the funeral of Woodrow Wilson, Ex-President of the United States of America, section 388 of the Political Code is applicable; therefore, the appeal should not be dismissed because the transcript was not filed or an extension asked for on that day.

The facts are stated in the opinion.

*Messrs. Llorens & Arroyo* for the appellants.

*Mr. Juan de Guzmán Benítez* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

There are pending in this case a motion for the recon-sideration of an order of this court of February 7, 1924, overruling a motion made on that day by the appellants for an extension of the time for filing the transcript of the record for the reason that the time had expired the day before, and a motion of the appellees for the dismissal of the appeal on the ground that the transcript had not been filed in time.

If the order of February 7th is not reconsidered, there is no doubt that the appeal should be dismissed; but there is a fact which justifies the reconsideration moved for and, therefore, the overruling of the motion for dismissal.

The appellants say that in the morning of the 6th they tried to get "the certificate of the clerk and the internal revenue stamp, but could not get either because the Governor of Porto Rico had proclaimed the said day, the 6th instant, a day of general mourning."

It is true that by a proclamation published in Adminis-trative Bulletin No. 253 the Governor orderd that all gov-erment departments and offices should be closed and all public business and work suspended on the 6th of February, on the occasion of the funeral of Woodrow Wilson, Ex-President of the Republic.

Section 388 of the Political Code reads: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last is a holiday, and then it is also excluded."

Should the 6th of February, 1924, be considered a "holi-day"?

Section 387 of the Political Code establishes the "holi-days" in Porto Rico and provides that any day declared such by the Governor of the Island also shall be a holiday. The Governor did not expressly declare the 6th of February a holiday, but in ordering that all government departments and offices should be closed and the work suspended he made

it impossible for the plaintiffs to transact any public business on the 6th, and in our opinion the rule established in section 388 of the Political Code should be applied. This being so, the motion for an extension of time filed on the 7th was made in time. It seems proper to state that the transcript was filed on February 8th only a few hours after the filing of the motion for dismissal.

At the hearing on the motion for dismissal the attorney for the appellees made reference to certain expressions, which he considered improper and offensive, contained in the motion for reconsideration and requested the protection of the court. The appellants said that they were diligent in the prosecution of their case and that if there had been any fault it was imputable to the conduct of the attorney for the appellees who, contrary to the dictates of good fellowship and legal ethics, placed unnecessary obstacles in the way of the prosecution of the appeal. These obstacles consisted of his refusal to certify to the exactness of the transcript when it was submitted to him at the last hour.

An attorney in such circumstances is under no obligation to sign the certificate and in refusing to do so does not violate the rules of ethics. The law allows either the certificate of the clerk or that of the attorneys. The matter should not be put off until the last hour. The attorneys should agree in due time. If after they have come to an agreement the transcript is submitted within the time specified and without any good reason the attorney for the appellee should refuse to sign the certificate and cause the loss of the right of the other party, then his conduct would be contrary to ethics; but such is not the case here and, therefore, the words referred to should be stricken from the said motion.

It seems well to transcribe Rule 17 of the Canons of Ethics adopted by the American Bar Association. It reads as follows: "Clients, not lawyers, are the litigants. What-

ever may be the ill-feeling existing between clients, it should not be allowed to influenĉe counsel in their conduct and demeanor toward each other or toward suitors in the case. All personalities between counsel should be scrupulously avoided.  *  *  * ''

By reason of all of the foregoing the order of February 7th should be set aside; the extension of ten days moved for should be granted; the motion for reconsideration should be detached from the record and delivered to the appellants so that within three days they may file it again after eliminating all expressions offensive to the attorney for the appellees, and the motion for dismissal should be overruled.

*Motion for dismissal overruled.*

' Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.